**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
ASHTABULA COUNTY MEDICAL                  )
CENTER, et al.,                           )
                                          )
                    Plaintiffs,           )
                                          )      Civil Action No. 05-cv-2365 (RCL)
        v.                                )
                                          )
KATHLEEN SEBELIUS,[1] Secretary,          )
United States Department of Health        )
and Human Services,                       )
                                          )
                    Defendant.            )
_____)

**MEMORANDUM OPINION**

Before the Court is plaintiffs' Motion [14] for Summary Judgment and defendant's

Cross-Motion [19] for Summary Judgment. Upon consideration of the motions, the record

herein, and the applicable law, the Court will DENY plaintiffs' Motion for Summary Judgment

and GRANT defendant's Cross-Motion for Summary Judgment for the reasons set forth below.

## I.    BACKGROUND

Plaintiffs, five Medicare-participating hospitals located in Ohio, seek additional Medicare

payment for services furnished to Medicare beneficiaries. They challenge an interpretation of the

Medicare statute by the Secretary of the Department of Health and Human Services, contending

that her interpretation conflicts with the statute's plain and unambiguous language.

---

[1] This action was originally filed against Michael Leavitt in his official capacity as Secretary of
the Department of Health and Human Services. Kathleen Sebelius, Mr. Leavitt's successor as
Secretary, has been substituted here as defendant. *See* Fed. R. Civ. P. 25(d).

1

The Medicare statute provides that any hospital serving a disproportionate share of low-income patients—known as a disproportionate share hospital (DSH)—is reimbursed at higher rates, "apparently because the more low-income patients a hospital treats, the more it costs on average to care for Medicare patients." *Adena Reg'l Med. Ctr. v. Leavitt*, 527 F.3d 176, 178 (D.C. Cir. 2008). The statute thus requires the Secretary to count, among other things, patients who are "eligible for medical assistance under a State plan approved under [Title] XIX" of the Social Security Act (*i.e.*, Medicaid), but who are "not entitled to benefits under [Medicare]." 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). "Put simply, the more a hospital treats patients who are 'eligible for medical assistance under a State plan approved under [*Medicaid*],' the more money it receives for each patient covered by *Medicare*." *Adena*, 527 F.3d at 178 (quoting § 1395ww(d)(5)(F)(vi)(II)).

The Ohio Hospital Care Assurance Program (HCAP) ensures that indigent patients who are not recipients under the Ohio Medicaid plan receive "basic, medically necessary hospital-level services" at no charge. Ohio Rev. Code § 5112.17(B). The state of Ohio, however, does not reimburse hospitals for the cost of providing such mandatory charity care. Seeking to cover some of their HCAP expenses, plaintiffs assert that the Secretary should have included HCAP patients when calculating their DSH reimbursements under the Medicare statute. The Secretary argues that she has reasonably interpreted the statutory phrase "eligible for medical assistance under a State plan approved under [Title] XIX" to mean "eligible for Medicaid." Because HCAP patients are not eligible for benefits under the Medicaid statute or the Ohio Medicaid plan, the Secretary contends that she reasonably excluded HCAP patients when calculating plaintiffs' DSH reimbursements under the Medicare statute.

2

## II. DISCUSSION

### A. Legal Standard

Plaintiffs and the Secretary have both moved for summary judgment here. The Court will grant a motion for summary judgment when a party shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). This case presents a pure question of law.

### B. Analysis

The Court of Appeals for the D.C. Circuit has already decided the very question before this Court. *See Adena*, 527 F.3d at 176–80. In *Adena*, twenty-five hospitals contested the Secretary's interpretation of the Medicare statute's formula for providing DSH reimbursements. Like plaintiffs in this case, the *Adena* plaintiffs asserted that the Secretary should have included HCAP patients when calculating their reimbursements under the Medicare statute. The Court of Appeals reversed the district court's grant of summary judgment to the plaintiffs. It held that the Secretary had correctly calculated plaintiffs' DSH reimbursements and was entitled to summary judgment. *Id.* at 177–78.

The Court offered two reasons for its holding, "based not upon any deference to the Secretary's interpretation but upon [the Court's] own reading of the Social Security Act." *Id.* at 178. First, the Court found that "the HCAP provision that requires hospitals to take care [of] indigent patients, § 5112.17(B), is not part of the Ohio 'State plan approved under [Medicaid].'" *Id.* (quoting § 1395ww(d)(5)(F)(vi)(II)). Consequently, "HCAP patients are not eligible for care 'under a State plan approved under subchapter XIX [Medicaid]' within the meaning of the Medicare statute, 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II)." *Id.*

Second, the Court compared the language of the Medicare and Medicaid statutes and concluded that "the term 'medical assistance,' which is not defined in Title XVIII of the Act, has the same meaning in the Medicare DSH provision as it has in the federal Medicaid statute, Title XIX of the Act." *Id.* at 179. Therefore, "HCAP patients do not obtain, and are not eligible for, 'medical assistance' within the meaning of the Medicare DSH provision, wherefore the Hospitals' case must fail." *Id.* at 180. The Court noted that, had Congress wanted "medical assistance" to take on a different meaning in the Medicare DSH provision than it has in the Medicaid statute, "'Congress easily could have so indicated.'" *Id.* (quoting *Cabell Huntington Hosp., Inc. v. Shalala*, 101 F.3d 984, 990 (4th Cir. 1996)).

As the Court of Appeals made clear in *Adena*, HCAP patients are not "eligible for medical assistance" within the meaning of the Medicare statute, § 1395ww(d)(5)(F)(vi)(II). Accordingly, in the instant case, the Secretary was not statutorily required to include HCAP patients when calculating the DSH reimbursement owed to plaintiffs. It is therefore appropriate to grant summary judgment to the Secretary.

### III. CONCLUSION

For the reasons stated herein, plaintiffs' Motion [14] for Summary Judgment will be DENIED and the Secretary's Cross-Motion [19] for Summary Judgment will be GRANTED.

A separate order consistent with this memorandum opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on January 21, 2011.